■ PAN WORLD CONSTRUCTION CORP., Respondent, v 791 PARK AVENUE CORP., Appellant, et al., Defendants. 791 PARK AVENUE CORP., Third-Party Plaintiff-Appellant, v BROWN, HARRIS, STEVENS, INC., Third-Party Defendant-Respondent.— Order and judgment, Supreme Court, New York County (William H. Davis, J.), entered March 13, 1991 and March 14, 1991, respectively, which, *inter alia,* granted the plaintiff's motion for summary judgment against the defendant 791 Park Avenue Corp. and the third-party defendant Brown, Harris, Stevens, Inc.'s cross motion to dismiss the third-party complaint, unanimously affirmed with costs.

That portion of an order of the same court, sua sponte consolidated with appeal no. 45817, entered on or about

February 6, 1992, which denied the defendant 791 Park Avenue Corp.'s motion for leave to renew and reargue the order and judgment entered March 13 and 14, 1991, dismissed as nonappealable, without costs, and that portion of the same order, which granted the plaintiff's cross motion for sanctions and imposed sanctions against the defendant 791 Park Avenue Corp. in the amount of $2,500, unanimously reversed, on the law, the facts, and in the exercise of discretion, to deny the plaintiff's cross motion and the award of sanctions is vacated, without costs.

The plaintiff instituted this action in June of 1984 to recover sums due for renovation work performed at a cooperative apartment building located at 791 Park Avenue. In its answer, the defendant 791 Park Avenue Corp. denied the allegations contained in the complaint, raised various affirmative defenses and counterclaims against the plaintiff and impleaded its former managing agent, Brown, Harris, Stevens, Inc.

The plaintiff and the defendant engaged in discovery between 1985 and 1988. At a discovery scheduling conference in June of 1989, the court directed the parties to comply with certain discovery demands and to appear for deposition. As of September 1989, the parties failed to respond to the discovery order. On September 29, 1989, the court ordered that all discovery be completed by November 10, 1989 and that the case be placed on the trial calendar by November 15, 1989. The deposition of the plaintiff was completed by October 31, 1989. After requesting more adjournments, on January 15, 1990, the defendant produced an officer of its corporation for deposition. However, he lacked personal knowledge of the facts of this matter. The defendant then agreed to produce witnesses with personal knowledge of the facts.

On April 27, 1990, the court ordered the defendant to appear and produce the building's tenants-shareholders for depositions to be conducted in May. The defendant failed to appear at these depositions, failed to produce any witnesses and provided no explanation to either the plaintiff or the court for the absences. The plaintiff then moved, in June of 1990, for an order striking the defendant's pleadings or, in the alternative, for an order compelling the defendant to appear for the court-ordered depositions. At oral argument on the motion on July 3, 1990, the plaintiff agreed to give the defendant 90 more days to produce all the witnesses. A stipulation was entered into pursuant to which the parties agreed that the deposition of the tenants-shareholders would

be completed by September 30, 1990. If the depositions were not completed by that date, the parties agreed that the defendant's answer and counterclaim would be stricken.

The defendant failed to comply with the court-ordered depositions and the stipulation. Accordingly, its answer and counterclaim were stricken.

The plaintiff then moved for summary judgment and Brown, Harris, Stevens, Inc. cross moved for an order dismissing the third-party complaint. In opposition, counsel for the defendant contended that his failure to abide by the court orders and the stipulation were due to the fact that he was on trial and then learned that his father-in-law was dying. However, he did not inform the plaintiff of these occurrences until September 28, 1990. The Supreme Court granted the motion and cross motion of the plaintiff and the third-party defendant. 791 Park Avenue Corp. subsequently moved for reargument and renewal. The Supreme Court denied the motion and imposed sanctions in the amount of $2,500 against the defendant.

It was not an improvident exercise of discretion, under the circumstances presented, for the Supreme Court to have granted the plaintiff's motion for summary judgment and the third-party defendant's cross motion to dismiss the third-party complaint. In light of its failure to abide by the so-ordered stipulation dated July 3, 1990, the defendant's default in disclosure was clearly deliberate, warranting the agreed upon sanction of striking its answer and counterclaims (CPLR 3126; *Will v County of Nassau*, 90 AD2d 795). Also to be noted is the defendant's failure to submit an affidavit of merit from a person competent to attest to the meritorious nature of the defense. Defense counsel's family problems do not excuse the failures here since he was not a sole practitioner, but a member of a firm. We further note that the order and judgment entered herein were not entered on default but were provided for by stipulation and were the result of noticed motions which were opposed.

Contrary to the defendant's contention, we find that its motion for renewal or reargument was actually a motion for reargument since the motion was not based on material facts which the defendant was unaware of at the time the prior motion was made *(see, Foley v Roche*, 68 AD2d 558). There is no appeal from an order denying reargument *(Silverstein v Silverstein*, 130 AD2d 369). The appeal from that portion of the order denying reargument is therefore dismissed *(Props For Today v Kaplan*, 163 AD2d 177).

However, that portion of the order which granted the plaintiff's cross motion for sanctions is vacated, since we find that the record fails to support the conclusion that the motion to renew and reargue was frivolous or designed to simply delay the resolution of this matter *(see, Guarnier v American Dredging Co.,* 79 NY2d 846).

We have considered the parties' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Wallach and Rubin, JJ.