■ RICHARD B. ROSENTHAL, Appellant, v JEROME COOPER, Respondent, et al., Defendant. [637 NYS2d 728] —Appeal from order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about May 8, 1995, which denied plaintiff's motion to "reinstat[e] the complaint", unanimously dismissed, with costs, as deemed taken from a nonappealable order denying a motion to reargue.

The IAS Court found plaintiff's motion to reinstate the complaint, which was dismissed as abandoned after plaintiff failed to comply with discovery demands and a preliminary conference order, and from which dismissal order he never appealed, was actually a motion to reargue or renew. We conclude the motion to have been one to reargue, since it was not based on material, relevant facts of which plaintiff was unaware at the time defendant's prior motion to compel compliance with discovery demands was made (*see, Pan World Constr. Corp. v 791 Park Ave. Corp.*, 185 AD2d 105, 107, *lv dismissed and denied* 80 NY2d 1005). Were we not dismissing the appeal we

would affirm. The excuses proffered, both in response to the motion to compel compliance and on the motion to "reinstat[e] the complaint", failed to explain the 10 month delay in which plaintiff took no action in responding to defendant's discovery demands. Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.