■ Presilda Frias et al., Appellants, v Adam E. Fortini et al., Respondents. [658 NYS2d 435] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Golden, J.), entered May 31, 1996, which, upon an order of the same court, dated May 3, 1996, granting the defendants' motion to dismiss the complaint pursuant to CPLR 3126 (3), is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Although the drastic remedy of striking a pleading pursuant to CPLR 3126 for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful, contumacious, or in bad

faith, it is equally well settled that where a party disobeys a court order and by his or her conduct frustrates the disclosure scheme provided by the CPLR, dismissal of a pleading is within the broad discretion of the trial court (see, Zletz v Wetanson, 67 NY2d 711, 713; Brady v County of Nassau, 234 AD2d 408; Eagle Star Ins. Co. v Behar, 207 AD2d 326). Furthermore, the absence of an excuse for the delay in responding to discovery demands, and the delaying party's failure to object to the demands, supports an inference that the failure to comply was willful (see, Brady v County of Nassau, supra; Mills v Ducille, 170 AD2d 657). Here, the plaintiffs failed to provide a reasonable excuse for the failure to provide medical authorizations in full compliance with the defendants' July 1993 discovery demand, despite the issuance of two prior court orders directing compliance with the outstanding demand. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in dismissing the complaint (see, Brady v County of Nassau, supra). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.