■ FRESNER RANFORT et al., Appellants, v PEAK TOURS, INC., et al., Respondents. [672 NYS2d 918] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Phelan, J.), dated June 9, 1997, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3126.

Ordered that the order is affirmed, with costs.

The drastic remedy of striking a pleading pursuant to CPLR 3126 for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful, contumacious, or in bad faith. Where a party disobeys a court order and by his or her conduct frustrates the disclosure scheme provided by the CPLR, dismissal of a pleading is within the broad discretion of the trial court (*see, Frias v Fortini*, 240 AD2d 467; *Kubacka v Town of N. Hempstead*, 240 AD2d 374). Furthermore, the absence of an excuse for the delay in responding to discovery demands, and the delaying party's failure to object to the demands, supports an inference that the failure to comply was willful (*see, Frias v Fortini, supra*). Here, the plaintiffs failed to provide a reasonable excuse for the failure to timely comply with the March 28, 1996, preliminary conference order. Moreover, the plaintiffs' counsel failed to appear at three court conferences, despite being informed in writing of the last two conference dates. Such failure indicates willful and contumacious conduct (*see, Yin Kuen Chan Tang v Hong Kong Chinese Herbal Co.*, 235 AD2d 282). Under these circumstances, the Supreme Court did not improvidently exercise its discretion in dismissing the complaint. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.