■ JOEL B. WATERMAN, Individually and as Administrator of the Estate of LILLIAN B. WATERMAN, Deceased, Appellant, v COUNTY OF WESTCHESTER et al., Respondents, et al., Defendants. [712 NYS2d 373] —In an action to recover damages for medical malpractice and wrongful death, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 29, 1999, which granted the motion of the defendants County of Westchester, Westchester County Medical Center, Lois Allen, Babette Ammerman, Theresa Ficaroli, Edward Stolzenberg, George P. Maguire, Kevin Spiegel, Steven Reagan, Jeffrey Tiesi, and Walter C. Brendler, to dismiss the complaint insofar as asserted against them, pursuant to CPLR 3126, and, *sua sponte,* directed the Clerk of the Supreme Court, Westchester County, to dismiss the complaint insofar as asserted against the remaining defendants.

Ordered that the appeal from so much of the order as, *sua sponte,* directed the Clerk of the Supreme Court, Westchester County, to dismiss the complaint against the nonmoving defendants is dismissed, as the plaintiffs did not seek leave to appeal from that portion of the order (*see,* CPLR 5701); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

A court may strike pleadings or parts of pleadings as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126 [3]; *see also, Kubacka v Town of N. Hempstead,* 240 AD2d 374, 375).

In the instant case, the appellants repeatedly delayed in responding to the respondents' discovery demands and requests for authorization, and any responses served were inadequate. Accordingly, the Supreme Court providently exercised its

discretion in granting the respondents' motion to dismiss the complaint insofar as asserted against them (*see, Ranfort v Peak Tours,* 250 AD2d 747; *Amato v County of Westchester,* 243 AD2d 593; *Arcuri & Sons v Alfonsi,* 242 AD2d 313; *Frias v Fortini,* 240 AD2d 467; *Kubacka v Town of N. Hempstead, supra*; *Garcia v Kraniotakis,* 232 AD2d 369, 370; *Watson v Esposito,* 231 AD2d 512; *Mills v Ducille,* 170 AD2d 657, 658). Bracken, J. P., Joy, Friedmann and Schmidt, JJ., concur.