■ NICK PARENTE et al., Appellants, v NEW YORK TIMES COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents. D & F MASONS, INC., Third-Party Defendant. [715 NYS2d 907] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Golar, J.), dated May 13, 1999, which, *inter alia*, granted that branch of the motion of the defendants third-party plaintiffs which was to extend their time to conduct a physical examination of the plaintiff Nick Parente, (2) an order of the same court, also dated May 13, 1999, which denied, as academic, that branch of their motion which was to strike the third-party defendant's answer and, in effect, denied that branch of their motion which was to strike the defendants' answer on condition that within 20 days of service of a copy of the order with notice of entry, the defendants appear for deposition and pay $750 to the plaintiffs, and (3) an order of the same court, dated December 28, 1999, which denied their motion to strike the defendants third-party plaintiffs' answer on condition that the defendants third-party plaintiffs appear for depositions on a date certain.

Ordered that the orders are affirmed, without costs or disbursements.

It is well settled that "where a party disobeys a court order, and by his or her conduct frustrates the disclosure scheme provided by the CPLR, dismissal of a pleading is within the broad discretion of the trial court" (*Castrignano v Flynn,* 255 AD2d 352, 353; *see,* CPLR 3126 [3]; *Ranfort v Peak Tours,* 250 AD2d 747; *Frias v Fortini,* 240 AD2d 467; *Kubacka v Town of N. Hempstead,* 240 AD2d 374). The substitution of their counsel provided the defendants third-party plaintiffs with a reasonable excuse for the delays in discovery (*cf., Rodriguez v All Am. Auto Rental,* 179 AD2d 632). The Supreme Court providently exercised its discretion in denying the plaintiffs' motion to dismiss the defendants third-party plaintiffs' answer and

properly imposed a sanction for their delay (*see, Smith v New York Tel. Co.,* 235 AD2d 529; *Athanasiou v First Natl. City Bank US Corp.,* 225 AD2d 726).

The Supreme Court also providently exercised its discretion in requiring the plaintiff Nick Parente to submit to a physical examination, where discovery had not been completed (*see, Leugemors v Slawinski,* 255 AD2d 913; *cf., Vitello v JAM Installers,* 264 AD2d 774; *Gill v United Parcel Serv.,* 249 AD2d 265).

The plaintiffs' remaining contentions are without merit. Thompson, J. P., Sullivan, Krausman and Florio, JJ., concur.