■ ALIZA HALALI et al., Appellants, v EVANSTON INSURANCE COMPANY, Respondent. [733 NYS2d 436] —In an action for a judgment declaring that the defendant is obligated to defend and indemnify its insureds in certain underlying actions commenced by the plaintiffs herein against those insureds, the plaintiffs appeal from an order of the Supreme Court, Kings County (Held, J.), dated October 5, 2000, which denied their motion to reinstate the action and place this matter on the trial calendar.

Ordered that the order is reversed, on the law and as a matter of discretion, the motion is granted, the action is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the plaintiffs to file and serve their note of issue and certificate of readiness.

On July 1, 1999, the parties appeared for a preliminary conference, at which time the Supreme Court directed, in effect, that discovery, including the deposition of the defendant's witness, was to be completed by September 22, 1999, and the plaintiffs were to file a note of issue and certificate of readiness by October 1, 1999. This determination was embodied in a preliminary conference order (hereinafter the conference order) signed the same day and filed by the County Clerk on July 2, 1999. Significantly, the conference order did not provide any specific sanction in the event of a failure to comply therewith.

The Supreme Court, *sua sponte*, also issued another order (hereinafter the second order) relative to the discovery directed in the conference order, which provided, *inter alia*, that the complaint would be dismissed in the event the plaintiffs failed to timely file their certificate of readiness and note of issue by October 1, 1999 (i.e., 92 days after the date of the conference order). Although the second order is also dated July 1, 1999, it was not filed with the County Clerk's office until July 16, 1999.

Thereafter difficulties arose with the completion of discovery, including the deposition of the defendant's witness, which was not held until January 28, 2000.

It is unclear when the second order was effectuated and this action dismissed. However, by notice of motion dated September 11, 2000, the plaintiffs moved to reinstate the action and place the matter on the trial calendar. The Supreme Court denied the motion without stating a statutory basis, and the plaintiffs appeal. The motion should have been granted.

While the failure to comply with a court order directing the filing of the note of issue and certificate of readiness can, in the proper circumstances, provide the basis for a dismissal of a complaint under, *inter alia*, CPLR 3216, the second order was insufficient to provide such a basis here. The plaintiffs demonstrated that they were not served with, and were unaware of, the second order, which was not filed until 15 days after its date. Moreover, the defendant did not allege that it served the second order on the plaintiffs, or that it or the plaintiffs were aware of its existence prior to moving for reinstatement. Under these circumstances, the second order cannot serve as a basis for dismissal of the complaint (*cf., Trust Co. v Genser,* 271 AD2d 524; *Seletsky v St. Francis Hosp.,* 263 AD2d 452; *Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653).

Nor is there any basis for the Supreme Court to have dismissed the complaint under CPLR 3126. To sustain the dismissal of a complaint under CPLR 3126, a plaintiff's behavior must be willful, contumacious, or in bad faith (*see, Ranfort v Peak Tours,* 250 AD2d 747). The record does not establish that the plaintiffs' behavior was such that dismissal is warranted. Rather, it demonstrates that the plaintiffs worked with the defendant to overcome problems with discovery and/or depositions. Furthermore, it appears that no delay was due to the plaintiffs' actions. Under these circumstances, there was no basis to sustain a dismissal under CPLR 3126 (*cf., DeCicco v Nassau Radiological Group,* 276 AD2d 582; *Waterman v County of Westchester,* 274 AD2d 513; *Birch Hill Farm v Reed,* 272 AD2d 282; *Ranfort v Peak Tours, supra*).

Since there is no other basis for dismissal that can be discerned from the record, and in light of the clear preference for deciding matters on their merits, the order must be reversed and the complaint reinstated.

The plaintiffs' contention that this Court should direct the defendant to file a bond pursuant to Insurance Law § 1213 is rejected. In light of the fact that this litigation has been protracted, and because it appears that the statute envisions a hearing as to the amount of the bond to be filed, this application is more properly made in the Supreme Court, Kings County, which is better equipped to conduct a hearing on the issue, if necessary.

The plaintiffs' remaining contention is improperly raised for the first time on appeal. Ritter, J. P., Friedmann, Florio and Cozier, JJ., concur.