■ DANIEL BYRNE et al., Respondents, v CITY OF NEW YORK, Defendant, and BOARD OF EDUCATION OF CITY OF NEW YORK, Appellant. [753 NYS2d 132] —In an action to recover damages for personal injuries, etc., the defendant Board of Education of the City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered February 21, 2002, as granted that branch of the plaintiffs' motion which was to strike the answer insofar as asserted on behalf of that defendant.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, that branch of the plaintiffs' motion which was to strike the answer insofar as asserted on behalf of the defendant Board of Education of the City of New York is denied, the answer insofar as asserted on behalf of that defendant is reinstated, and the matter is remit-

ted to the Supreme Court, Queens County, for further proceedings consistent herewith.

While actions should be resolved on their merits whenever possible (*see Cruzatti v St. Mary's Hosp.,* 193 AD2d 579, 580), it is within the sound discretion of the Supreme Court to impose sanctions, including the striking of a pleading, against a party who has failed to comply with court-ordered discovery (*see Barth v City of New York,* 294 AD2d 386; *Brennan v McCarthy,* 255 AD2d 477). However, striking an answer is such an extreme sanction that it is only appropriate for a court to impose it on a "clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Espinal v City of New York,* 264 AD2d 806 [internal quotation marks omitted]; *see Harris v City of New York,* 211 AD2d 663, 664). Even if willfulness is shown, the resisting party still has the opportunity to offer a reasonable excuse for its failure (*see Read v Dickson,* 150 AD2d 543).

The discovery at issue here is the identification of all security personnel on duty on December 9, 1994, at the school where the underlying incident allegedly occurred. Although the order appealed from refers to three prior orders with which the Supreme Court found that the Board of Education of the City of New York (hereinafter the Board) failed to comply, it makes no mention of the supplementary response provided by the Board. The response was served before the second order was issued, and listed the names of 11 school safety officers regularly assigned to the subject school during the 1994-1995 academic year, as well as six additional safety officers who had been assigned on a temporary basis. The officer who was allegedly involved in the incident was female and there were only four or five females on the list provided. Thereafter the Board provided affidavits by persons with knowledge, detailing three unsuccessful searches for further information, including the names and positions of the persons who personally supervised each search, the places searched, and the problems encountered (i.e., a flood involving one of two storage areas and the fact that the computer database did not identify which specific days a particular officer had worked during a given pay period). The Board also offered to produce for deposition any of the female officers on the list still employed by it and, on request, the last known addresses of any one of them who is not.

The record shows that the Board searched diligently for the information, substantially complied with the demand, and gave a reasonable excuse for its inability to provide a more definitive answer. Accordingly, the Supreme Court improvidently

exercised its discretion in granting the plaintiffs' motion to strike the answer insofar as asserted on behalf of the Board (*see Brennan v McCarthy, supra*). Feuerstein, J.P., Krausman, Mastro and Rivera, JJ., concur.