■ BEVERLY BLACK, Respondent, v HERBERT L. LITTLE, Appellant. [772 NYS2d 868]—

In an action to recover damages for medical malpractice, the defendant appeals, by permission, from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated August 13, 2003, which, in effect, granted the plaintiff's motion to strike the answer on the ground that the defendant failed to comply with court-ordered disclosure.

Ordered that the order is affirmed, with costs.

When a party's failure to comply with court-ordered disclosure is shown to be willful, contumacious, or in bad faith, dismissal of that party's pleading is within the broad discretion of the trial court (*see Vanalst v City of New York,* 302 AD2d 515 [2003]; *Gruber v Central Truck Equip.,* 298 AD2d 360 [2002]; *Frias v Fortini,* 240 AD2d 467 [1997]; *cf. Hollymount Corp. v Park Corp.,* 300 AD2d 444 [2002]). Furthermore, the absence of an excuse for the delay in responding to court-ordered disclosure supports an inference that the failure to comply was willful (*see Frias v Fortini, supra* at 468). Here, the defendant's failure to comply with court-ordered disclosure, without sufficient excuse, was willful and contumacious. Accordingly, the Supreme Court providently exercised its discretion in striking the answer. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.