■ PHYLLIS ALTO et al., Appellants, v GILMAN MANAGEMENT CORPORATION, Respondent. [776 NYS2d 823]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered December 24, 2002, as granted the defendant's motion pursuant to CPLR 3126 to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A court is authorized to strike the pleadings of a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). Striking a pleading is appropriate where a party's conduct in resisting disclosure is shown to be "willful, contumacious, or in bad faith" (*Ranfort v Peak Tours*, 250 AD2d 747 [1998]; *see Frias v Fortini*, 240 AD2d 467 [1997]). "Furthermore, the absence of an excuse for the delay in responding to discovery demands, and the delaying party's failure to object to the demands, supports an inference that the failure to comply was willful" (*Ranfort v Peak Tours, supra* at 747; *see Pryzant v City of New York*, 300 AD2d 383 [2002]; *Frias v Fortini, supra; Herrera v City of New York*, 238 AD2d 475, 476 [1997]).

After a lengthy delay in responding to the defendant's repeated requests for authorizations for the release of medical records and other relevant materials, the plaintiffs provided an incomplete set of authorizations, all of which were plainly inadequate, and some of which were never corrected. The plaintiffs failed to proffer any reasonable excuse for their failure to comply with the defendant's discovery requests. Under these circum-

stances, the Supreme Court providently exercised its discretion in granting the motion to dismiss the complaint (*see Kihl v Pfeffer,* 94 NY2d 118, 122-123 [1999]; *Waterman v County of Westchester,* 274 AD2d 513 [2000]; *Frias v Fortini, supra*). Altman, J.P., S. Miller, Luciano and Crane, JJ., concur.