■ In the Matter of W.O.R.C. REALTY CORPORATION, Respondent, v ASSESSOR et al., Appellants. [805 NYS2d 649]—

In consolidated proceedings pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the tax years 1992/1993 through 2003/2004, the Assessor and the Board of Assessment Review of the Town of Islip appeal from (1) stated portions of an order of the Supreme Court, Suffolk County (Bivona, J.), dated August 19, 2004, which, inter alia, upon confirming a Referee's report dated July 6, 2004, denied that branch of their cross motion which was to dismiss the petitions pursuant to CPLR 3126 (3) for failure to comply with the discovery provisions of a so-ordered stipulation and court orders, and (2) an order of the same court dated August 24, 2004, which denied, as academic, their motion to reject the Referee's report and to dismiss the petitions pursuant to CPLR 3126 (3).

Ordered that the order dated August 19, 2004, is reversed insofar as appealed from, on the law and as a matter of discretion, that branch of the cross motion which was to dismiss the petitions pursuant to CPLR 3126 (3) is granted, the Referee's report is rejected, the order dated August 24, 2004, is vacated, and the proceedings are dismissed; and it is further,

Ordered that the appeal from the order dated August 24, 2004, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellants.

A court is authorized to strike the pleadings of a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). Striking a pleading is appropriate when a party's conduct in resisting disclosure is shown to be "willful, contumacious, or in bad faith" (*Ranfort v Peak Tours*, 250 AD2d 747 [1998]; *see Frias v Fortini*, 240 AD2d 467 [1997]).

We agree with the Assessor and the Board of Assessment Review of the Town of Islip (hereinafter collectively the Town) that the petitioner engaged in a pattern of conduct over a period of time evidencing an intent to willfully and contumaciously obstruct and delay the progress of disclosure, including the failure to comply with a so-ordered discovery stipulation and court orders (*see Alto v Gilman Mgt. Corp.*, 7 AD3d 650 [2004]; *Ordonez v Guerra*, 295 AD2d 325 [2002]; *Watson v Esposito*, 231 AD2d 512 [1996]; *Pan World Constr. Corp. v 791 Park Ave. Corp.*, 185 AD2d 105 [1992]). Accordingly, the Supreme Court erred in confirming the Referee's report and, upon doing so, in denying that branch of the Town's cross motion which was to dismiss the petitions pursuant to CPLR 3126 (3). Schmidt, J.P., Mastro, Spolzino and Covello, JJ., concur.