■ LIDIA KRYZHANOVSKAYA, Appellant, v CITY OF NEW YORK, Respondent. [818 NYS2d 469]—

In an action to recover damages, inter alia, for false imprisonment and false arrest, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated March 30, 2005, which granted her motion to strike the answer only to the extent of directing the defendant to provide her with the last known address of an alleged former employee.

Ordered that the order is modified, on the law, by deleting therefrom the words "to the extent that the City shall turn over the last known address of Mr. Adolfo Gonzalez: 282 Wingham Street, Staten Island, NY 10305" and substituting therefor the words "and the answer is stricken unless the defendant (1) produces a witness with knowledge for deposition upon oral examination and (2) provides the plaintiff all known addresses of the arresting officer (badge no. 20058)"; as so modified, the order is affirmed, with costs to the plaintiff; and it is further,

Ordered that the defendant's time to comply is extended until 30 days after service upon it of a copy of this decision and order.

A court is authorized to strike the pleadings of a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126 [3]). Striking a pleading is appropriate where a party's conduct in resisting disclosure is shown to be willful, contumacious, or in bad faith (*see Mendez v City of New York,* 7 AD3d 766 [2004]; *Alto v Gilman Mgt. Corp.,* 7 AD3d 650 [2004]; *Ranfort v Peak Tours,* 250 AD2d 747 [1998]; *Frias v Fortini,* 240 AD2d 467 [1997]). In this case, the willful and contumacious character of the defendant's failure to produce a witness for deposition can be inferred from its continuing noncompliance with two orders directing the defendant's deposition, repeated adjournments of the scheduled deposition dates, and inadequate excuses for the failure to produce a witness for deposition (*see Pryzant v City of New York,* 300 AD2d 383 [2002]; *Montgomery v City of New York,* 296 AD2d 386 [2002]; *Frias v Fortini, supra; Herrera v City of New York,* 238 AD2d 475, 476 [1997]). Accordingly, the plaintiff's motion to strike the answer should have been granted unless, within the specified time frame, the defendant (1) produces a witness with knowledge for deposition upon oral examination and (2) provides the plaintiff all known addresses of the arresting officer (badge no. 20058) (*see Vega v 265 W. 37 St. Corp.,* 223 AD2d 385 [1996]; *Burt Millwork Corp. v Irpinia Constr. Corp.,* 173 AD2d 433 [1991]). Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.