■ In the Matter of W.O.R.C. REALTY CORPORATION, Respondent, v ASSESSOR et al., Appellants. [823 NYS2d 407]—

Motion by W.O.R.C. Realty Corporation, in effect, for leave to reargue appeals from two orders of the Supreme Court, Suffolk County, dated August 19, 2004 and August 24, 2004, respectively, which were determined by decision and order of this Court dated December 5, 2005, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue is granted, and upon reargument, the decision and order of this Court dated December 5, 2005 (*see Matter of W.O.R.C. Realty Corp. v Assessor*, 24 AD3d 457 [2005]), is recalled and vacated, and the following decision and order is substituted therefor:

In consolidated proceedings pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the tax years 1992/1993 through 2003/2004, the Assessor and the Board of Assessment Review of the Town of Islip appeal from

(1) stated portions of an order of the Supreme Court, Suffolk County (Bivona, J.), dated August 19, 2004, which, inter alia, upon confirming a Referee's report dated July 6, 2004, denied that branch of their cross motion which was to dismiss the petitions pursuant to CPLR 3126 (3) for failing to comply with the discovery provisions of a so-ordered stipulation, and (2) an order of the same court dated August 24, 2004, which denied, as academic, their motion to reject the Referee's report and to dismiss the petitions pursuant to CPLR 3126 (3).

Ordered that the order dated August 19, 2004 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated August 24, 2004 is affirmed; and it is further,

Ordered that one bill of costs is payable to the petitioners.

A court is authorized to strike the pleadings of a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). "[S]triking a pleading pursuant to CPLR 3126 for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful, contumacious, or in bad faith" (*Ranfort v Peak Tours,* 250 AD2d 747 [1998]; *see Frias v Fortini,* 240 AD2d 467 [1997]). "Actions should be resolved on their merits whenever possible, and the drastic remedy of the striking of a pleading should not be employed without a showing that the failure to comply with discovery demands was willful, contumacious, or in bad faith" (*Euro-Central Corp. v Dalsimer, Inc.,* 22 AD3d 793, 794 [2005]).

Contrary to the contentions of the appellants, it was not clearly demonstrated that the petitioner's discovery defaults were willful, contumacious, or done in bad faith as to warrant the extreme sanction of dismissing the petitions pursuant to CPLR 3126 (3) (*see* CPLR 3126 [3]; *Soto v New York City Tr. Auth.,* 25 AD3d 546 [2006]; *Byrne v City of New York,* 301 AD2d 489, 490 [2003]; *Cianciolo v Trism Specialized Carriers,* 274 AD2d 369, 370 [2000]; *Vancott v Great Atl. & Pac. Tea Co.,* 271 AD2d 438 [2000]; *Brown v United Christian Evangelistic Assn.,* 270 AD2d 378, 379 [2000]; *Harris v City of New York,* 211 AD2d 663, 664 [1995]). Schmidt, J.P., Mastro, Spolzino and Covello, JJ., concur.