Cach, LLC, Respondent,
against
Shiryl Dean, Appellant.




Shiryl Dean, appellant pro se.
Daniels, Norelli, Scully & Cecere, P.C., Ira R. Sitzer, Esq., for respondent.

Appeal from an order of the District Court of Suffolk County, First District (Vincent J. Martorana, J.), entered May 29, 2015. The order denied defendant's motion to vacate a default judgment of the same court entered September 25, 2014 upon defendant's noncompliance with an order of the same court dated May 21, 2014 which conditionally granted plaintiff's motion, pursuant to CPLR 3126 (3), to strike defendant's answer and for leave to enter a default judgment against her.




ORDERED that the order entered May 29, 2015 is reversed, without costs, and defendant's motion to vacate the default judgment entered September 25, 2014 is granted on condition that defendant provide plaintiff with responses to its discovery demands within 45 days after service of a copy of this decision and order upon her by plaintiff; in the event defendant fails to comply with this condition, defendant's motion to vacate the default judgment is denied.
In this action to recover for breach of a credit card agreement, plaintiff moved to strike defendant's answer and for leave to enter a default judgment. By order dated May 21, 2014, the District Court (Vincent J. Martorana, J.) granted the motion unless defendant complied with plaintiff's demand for written interrogatories within 20 days after service of a copy of the order. On September 25, 2014, a default judgment was entered against defendant upon her failure to [*2]timely comply with the May 21, 2014 order. By order entered May 29, 2015, the District Court denied defendant's motion to vacate the default judgment. 
The drastic sanction of striking defendant's answer pursuant to CPLR 3126 for failing to comply with court-ordered discovery should be used only where the resisting party's default is clearly shown to be deliberate and contumacious or in bad faith (see Byrne v City of New York, 301 AD2d 489 [2003]). Upon a review of the record, we find that defendant established a reasonable excuse for failing to comply with the court-ordered discovery and a possible meritorious defense. Consequently, she should be afforded one more opportunity to comply with plaintiff's discovery demands. We, therefore, in the exercise of our discretion, grant defendant's motion to vacate the default judgment on condition that, within 45 days after service of a copy of this decision and order upon defendant by plaintiff, defendant comply with plaintiff's discovery demands by providing written responses to plaintiff's interrogatories; in the event defendant fails to comply, the motion by defendant is denied.
Defendant's remaining contentions are not properly before this court since they relate to orders which are dehors the record.
Accordingly, the order entered May 29, 2015 is reversed and defendant's motion to vacate the default judgment entered September 25, 2014 is granted on condition that defendant provide plaintiff with responses to its discovery demands within 45 days after service of a copy of this decision and order upon her by plaintiff; in the event defendant fails to comply with this condition, defendant's motion to vacate the default judgment is denied.
Iannacci, J.P., Tolbert and Brands, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 31, 2017