Wyatt v Sutton (2020 NY Slip Op 03734)





Wyatt v Sutton


2020 NY Slip Op 03734


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11748N 103804/12

[*1] Hugh Wyatt, Plaintiff-Appellant,
v
Pierre Sutton, Defendant-Respondent.


Hugh Wyatt, appellant pro se.
James E. McMillan, P.C., New York (Douglas Kenneth Doneson of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered February 8, 2019, which granted defendant's motion to strike the complaint and dismiss the action, unanimously affirmed, without costs.
The IAS court did not improvidently exercise — let alone clearly abuse — its discretion by dismissing this action after plaintiff failed to comply with two so-ordered stipulations and an October 2018 conditional order that gave him a final chance to comply. Plaintiff was warned that, if he did not comply strictly and completely, defendant could move to dismiss (see e.g. Fish & Richardson, P.C. v Schindler, 75 AD3d 219, 220, 222 [1st Dept 2010]).
Plaintiff claims "[t]here was no evidence of a pattern of obstructive or dilatory behavior on [his] part" (Kaplan v KCK Studios, 238 AD2d 264 [1st Dept 1997]). However, a "repeated failure . . . to produce, despite express orders to do so, amply demonstrates wilfulness and the lack of any reasonable excuse for such failure" (Oasis Sportswear, Inc. v Rego, 95 AD3d 592 [1st Dept 2012]). Moreover, plaintiff's failure to avail himself of the newly extended deadline set forth in the October 2018 order "demonstrates that [his] noncompliance was willful, contumacious, or due to bad faith" (Loeb v Assara N.Y.I L.P., 118 AD3d 457 [1st Dept 2014] [internal quotation marks omitted]). Finally, our review of plaintiff's June 15, 2017 deposition transcript amply confirms the IAS court's comment that plaintiff was wholly uncooperative.
Lastly, plaintiff contends that the court failed to properly consider his pro se status and medical issues. However, "[p]roceeding pro se is not a license to ignore court orders" (Couri v Siebert, 48 AD3d 370, 371 [1st Dept 2008]; see also Pagano v Malpeso, 96 AD3d 563 [1st Dept 2012]). Unlike the precedents cited by plaintiff, which involve one-time failures to comply due to medical issues, plaintiff did not raise his illness until his October 11, 2017 deposition and only then in opposition to defendant's first motion to strike the complaint.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK