Cook v SI Care Ctr. (2022 NY Slip Op 03225)

Cook v SI Care Ctr.

2022 NY Slip Op 03225

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-09922
2022-00196
 (Index No. 150661/18)

[*1]Tiffany Breland Cook, etc., appellant, 
v
SI Care Center, et al., respondents.

Krentsel Guzman Herbert, LLP, New York, NY (Marcia Raicus and Mischel & Horn, P.C. [Christen Giannaros], of counsel), for appellant.
Martin Clearwater & Bell LLP, New York, NY (Barbara D. Goldberg, Jeffrey A. Shor, and Michelle A. Frankel of counsel), for respondent SI Care Center.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Adonaid C. Medina of counsel), for respondent Richmond University Medical Center.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated August 1, 2019, and (2) a judgment of the same court entered August 12, 2019. The order granted those branches of the defendants' separate motions which were pursuant to CPLR 3042 and 3126 to dismiss the complaint insofar as asserted against each of them. The judgment, upon the order, is in favor of the defendant SI Care Center and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant SI Care Center which was pursuant to CPLR 3042 and 3126 to dismiss the complaint insofar as asserted against it is dismissed, without costs or disbursements; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law and in the exercise of discretion, without costs or disbursements, and that branch of the motion of the defendant Richmond University Medical Center which was pursuant to CPLR 3042 and 3126 to dismiss the complaint insofar as asserted against it is denied on the condition that the plaintiff's trial counsel personally pay the sum of $2,500 to the defendant Richmond University Medical Center within 20 days after service upon the plaintiff's trial counsel of a copy of this decision and order, with notice of entry; in the event that the condition is not complied with, the order is affirmed insofar as reviewed, with one bill of costs to the defendant Richmond University Medical Center; and it is further,
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, without costs or disbursements, that branch of the motion of the defendant SI Care Center which was pursuant to CPLR 3042 and 3126 to dismiss the complaint insofar as asserted against it is denied, the complaint insofar as asserted against the defendant SI Care Center is reinstated, and the order is [*2]modified accordingly on the condition that the plaintiff's trial counsel personally pay the sum of $2,500 to the defendant SI Care Center within 20 days after service upon the plaintiff's trial counsel of a copy of this decision and order, with notice of entry; in the event that the condition is not complied with, the judgment is affirmed, with one bill of costs to the defendant SI Care Center.
The appeal from so much of the order as granted that branch of the motion of the defendant SI Care Center which was pursuant to CPLR 3042 and 3126 to dismiss the complaint insofar as asserted against it must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In March 2018, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against the defendants, SI Care Center and Richmond University Medical Center. In April 2018, both defendants answered the complaint, demanded a verified bill of particulars, and served discovery demands. The plaintiff did not respond to the defendants' demands or to their subsequent good-faith efforts to obtain the requested information.
In April 2019, the defendants separately moved, inter alia, pursuant to CPLR 3042 and 3126 to dismiss the complaint insofar as asserted against each of them for failure to comply with their demands for a bill of particulars and discovery. In June 2019, the plaintiff opposed the motions and attached to her opposition papers responses to the defendants' discovery demands. The plaintiff's attorney offered no excuse for the delay in providing the requested materials—she did not, for example, claim that she had not received the demands or the follow-up letters sent by the defendants' attorneys. The plaintiff's attorney asserted, however, that the defendants' motions were now moot, since, in her view, "there [was] no significant discovery outstanding." SI Care Center replied to the plaintiff's opposition papers, asserting that the materials provided by the plaintiff were "insufficient in many ways and [left] extensive discovery demands outstanding." The Supreme Court granted those branches of the defendants' motions which were to dismiss the complaint insofar as asserted against each of them. The plaintiff appeals.
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Morales v Zherka, 140 AD3d 836, 836-837). The striking of a pleading is "an extreme sanction" (Byrne v City of New York, 301 AD2d 489, 490) but may be warranted when there is a clear showing that the failure to comply with discovery demands or court-ordered discovery was the result of willful and contumacious conduct (see Ozeri v Ozeri, 135 AD3d 838, 839; McArthur v New York City Hous. Auth., 48 AD3d 431, 431). "The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders" (Tos v Jackson Hgts. Care Ctr., LLC, 91 AD3d 943, 943-944).
Here, the plaintiff's attorneys failed to comply with the defendants' demands for a bill of particulars and discovery, did not object to those demands, and did not respond in any way to follow-up communications from the defendants' attorneys until opposition to the motions was filed. Moreover, in response to the motions, the plaintiff's attorneys failed to articulate any excuse for this series of failures (see Alto v Gilman Mgt. Corp., 7 AD3d 650, 650-651; Waterman v County of Westchester, 274 AD2d 513, 513-514).
Notwithstanding this dereliction of responsibility, at the time the defendants moved, inter alia, to dismiss the complaint insofar as asserted against each of them, the plaintiff was not in violation of any court-ordered deadlines (cf. Byrne v City of New York, 301 AD2d at 490). In fact, the defendants also both moved, as alternative relief, to compel the plaintiff to comply with their respective discovery demands by a date certain. And, the fact remains that, not long after the defendants' motions were filed, the plaintiff began to produce the requested materials, albeit with some alleged deficiencies.
Under these circumstances, we are of the view that reinstatement of the complaint [*3]conditioned upon the payment of a penalty by the plaintiffs' trial counsel personally to both defendants would be more appropriate than the outright denial of the plaintiff's right to a day in court (see Bermudez v Laminates Unlimited, 134 AD2d 314).
MILLER, J.P., MALTESE, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court