Tejada-Nunez v AMX Mech. Corp. (2024 NY Slip Op 50145(U))

[*1]

Tejada-Nunez v AMX Mech. Corp.

2024 NY Slip Op 50145(U)

Decided on February 15, 2024

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 15, 2024
Supreme Court, Westchester County

Francisco Tejada-Nunez, Plaintiff,

against
AMX Mechanical Corp., AMX COOLING & HEATING, LLC, and "JOHN DOE, EMPLOYEE and/or CONTRACTEE OF, DEFENDANTS AMX MECHANICAL CORP. and/or AMX COOLING & HEATING, LLC" (A FICTIONAL NAME), Defendants.

Index No. 55631/2023

Pro Se Plaintiff: 
Attorney for Defendants AMX Mechanical Corp. and AMX Cooling & Heating, LLC:
Karen A. Ondrovic, Esq. 
Ondrovic & Platek PLLC
303 Old Tarrytown Road
White Plains, New York 10603 

William J. Giacomo, J.

The following papers were read and considered on this motion by defendants AMX Mechanical Corp. and AMX Cooling & Heating, LLC (defendants) pursuant to CPLR 3126 to strike plaintiff's complaint and dismiss the matter due to plaintiff's unreasonable neglect to prosecute:
Papers Considered       NYSCEF DOC NO. 22-35
1. Notice of Motion/Affirmation of Karen A. Ondrovic, Esq. in Support/Affirmation of Good Faith/Exhibits A-I/Affidavit of Service.
 FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff commenced this personal injury action on January 17, 2023 by filing a Summons and Verified Complaint. Moving defendants joined issue with service of their answer on February 14, 2023. The complaint alleges that on January 20, 2020, plaintiff, while in the [*2]course of his employment with EST Trucking, delivered certain freight to defendant, AMX Heating & Cooling, LLC at its principal place of business. The freight was secured by a pallet. Defendants' employee then used a forklift to remove the pallet. The complaint alleges, in brief, that "the forklift owned and operated by Defendants caused the pallet and Plaintiff to fall and caused the pallet to strike Plaintiff in the head by reason of the negligence, recklessness, and carelessness of the Defendants, their agents, servants, and/or employees." Defendants served discovery demands on February 14, 2023. After not receiving any responses, defendants sent a good faith letter on May 4, 2023 and also served a notice to produce. On May 25, 2023, plaintiff's counsel moved by order to show cause to be relieved as counsel. This Court granted counsel's request and the matter was stayed for 60 days to allow plaintiff to obtain new counsel. The Court mailed plaintiff a court notice advising him that a control date of October 30, 2023 was set for plaintiff to obtain new counsel or provide information. An in-person status conference was then scheduled for November 20, 2023. Plaintiff failed to appear for the conference and never contacted the Court with any updates. Defendants appeared and advised the Court of their intent to proceed with this motion to dismiss.
Defendants now move to strike plaintiff's complaint with prejudice. According to defendants, plaintiff has unreasonably neglected to prosecute the matter and has repeatedly failed to comply with outstanding discovery demands. Defendants state that they have not yet received any discovery responses from plaintiff. They contend that plaintiff's pro se status does not alleviate plaintiff's responsibility to comply with discovery or the Court's orders. 
There has been no opposition to the motion. 

 DISCUSSION
The court has broad discretion to supervise discovery and to determine whether information sought is material and necessary in light of the issues in the matter (Mironer v City of New York, 79 AD3d 1106, 1108 [2d Dept 2010]) as well as impose penalties upon a party which "refuses to obey an order for disclosure" or "wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the Supreme Court. See Brandenburg v County of Rockland Sewer Dist. #1, State of NY, 127 AD3d 680 (2d Dept 2015). Striking a party's pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands or court-ordered discovery is willful and contumacious. See Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 210 (2d Dept 2012); see also Waterman v County of Westchester, 274 AD2d 513, 513 (2d Dept 2000) (citations omitted) ("A court may strike pleadings or parts of pleadings as a sanction against a party who refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed"). "The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse." Brandenburg v County of Rockland Sewer Dist. #1, State of NY, 127 AD3d at 681.
As set forth below, plaintiff's "conduct in resisting disclosure is shown to be willful, contumacious, or in bad faith," and striking the complaint is appropriate. Alto v Gilman Mgmt. Corp., 7 AD3d 650, 650 (2d Dept 2004) (internal quotations omitted). Plaintiff filed his complaint in January 2023. Plaintiff failed to provide any discovery in response to defendants' demands, even prior to having his counsel withdraw. Pro se plaintiff has been nonresponsive to [*3]the Court's notifications and has not attempted to obtain new counsel or contact the Court. Courts have held that "proceeding pro se is not a license to ignore court orders." Wyatt v Sutton, 185 AD3d 422, 422 (1st Dept 2020) (internal quotation marks omitted). Moreover, the record indicates that, on December 1, 2023, defendants filed an affidavit of service of the instant motion. Plaintiff did not oppose the motion, nor did he contact the Court. 
Accordingly, defendants' motion to pursuant to CPLR 3126 to dismiss the complaint is granted. See e.g. Alto v Gilman Mgmt. Corp., (7 AD3d at 650-651) ("plaintiffs failed to proffer any reasonable excuse for their failure to comply with the defendant's discovery requests. Under these circumstances, the Supreme Court providently exercised its discretion in granting the motion to dismiss the complaint"). 
Accordingly, it is
ORDERED that defendants' motion to strike the complaint is granted; and it is further
ORDERED that the complaint against defendants AMX Mechanical Corp. and AMX Cooling & Heating, LLC is dismissed in its entirety; and it is further
ORDERED that the Clerk is directed to enter judgment accordingly. 
Dated: February 15, 2024
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.