McSween v Rockin Jump NYC, LLC (2025 NY Slip Op 51116(U))

[*1]

McSween v Rockin Jump NYC, LLC

2025 NY Slip Op 51116(U)

Decided on July 17, 2025

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 17, 2025
Supreme Court, Westchester County

Steve McSween, Plaintiff,

against
Rockin Jump NYC, LLC, d/b/a Rockin Jump, Defendant.

Index No. 68018/2021

Attorney for Plaintiff:
Kravet, Hoefer & Maher, P.C. By: Kenneth T. Hoefer, Esq.
1135A Morris Park Avenue, Suite 202 Bronx, New York 10461 (718) 931-3131 
Attorney for Defendant:
Wood Smith Henning & Berman LLP
By: Charles A. Franchini, Esq.
685 Third Avenue, 18th Floor
New York, NY 10017
(212) 999-7105

William J. Giacomo, J.

In this underlying action seeking to recover damages for personal injuries, plaintiff Steve McSween moves for an order: 1) Lifting the stay in the action and restoring this case to the active calendar; 2) Directing the defendant to answer the complaint in the action; 3) Awarding plaintiff's costs incurred by the plaintiff for both the private mediation as well as the non-binding AAA arbitration. 
Papers Considered NYSCEF DOC NO. 55-78
1. Notice of Motion/ Affirmation of Kenneth T. Hoefer, Esq. in Support/Exhibits 1-15
2. Affirmation of Charles A. Franchini, Esq. in Opposition/ Exhibits A-D
3. Affirmation of Kenneth T. Hoefer, Esq. in Reply
FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff commenced this action by filing a Summons and Complaint on December 30, 2021. Plaintiff alleges that, while at defendant's facility on August 26, 2019, he sustained injuries to his leg due to the defendant's negligence. Pursuant to a decision and order dated January 12, 2023, this Court granted defendant's motion staying the instant action and referring the case to arbitration. The Court held that plaintiff agreed to arbitration when signing the Rockin Jump Mount Kisco Waiver, which sets forth the following, in relevant part:
"MEDIATION, NON-BINDING ARBITRATION AND VENUE:
"If a dispute arises out of or relates to this Agreement and/or ROCKIN JUMP NYC, LLC and/or EQUIPMENT SUPPLIERS and/or any ACTIVITIES and/or an incident that occurs while on the premises, and/or while using any items purchased in or about the premises, as well as the installation, design, construction, and condition of the facility by ROCKIN JUMP NYC, LLC and/or EQUIPMENT SUPPLIERS, involving a single claimant, or claimants who are related or asserting claims arising from a single incident and if the dispute cannot be settled through direct negotiations, and unless the parties agree on a different mediation or non-binding arbitration process, the parties agree first to try in good faith to settle the dispute by mediation administered by the American Arbitration Association (the 'AAA') under its Commercial Mediation Procedures available at http:..www.adr.org before resorting to non-binding arbitration. Thereafter, any unresolved claims shall be submitted to non-binding arbitration administered by the AAA in accordance with its Non-Binding Consumer Arbitration Rules . . .."
Subsequent to the decision and order, the record indicates that the parties appeared for a virtual compliance conference on November 2, 2023 with the Court Attorney Referee. In pertinent part, the Court Attorney Referee memorialized that defendant agreed to exchange insurance coverage information with plaintiff on or before November 28, 2023.
Counsel for defendant did not appear at the next scheduled compliance conference. By court notice dated February 15, 2024, the Court Attorney Referee memorialized the following: "At the compliance conference held in this matter on February 15, 2024, with Court Attorney Referee Patricia Goethals, counsel for plaintiff appeared but counsel for defendant failed to appear. Numerous efforts were made by plaintiff's counsel to contact counsel for defendant in an effort to obtain the appearance of defendant's counsel." The compliance conference order directed the parties to proceed with private mediation or submit the documents to AAA to proceed with non-binding arbitration.
In brief, the parties then agreed to proceed with private mediation through NAM and plaintiff paid NAM's invoice for $1,545.00 for his share of the mediation services. Defendant subsequently canceled the scheduled mediation twice. Pursuant to an email dated August 12, 2024, defendant advised plaintiff that "[t]he carrier decided they did not want to proceed with the mediation. If that changes, we will let you know. However, there is an order for arbitration to go forward."
On August 27, 2024 plaintiff forwarded the arbitration demand to AAA along with the $250.00 filing fee. AAA subsequently contacted defendant several times to remind defendant to pay the case management fee and other fees, which were the responsibility of the Business pursuant to the AAA rules. By letter dated December 23, 2024, the parties were advised that, although an arbitrator had been appointed, the arbitration would not proceed without the fees [*2]being paid by defendant. By letter dated February 25, 2025, the parties were advised that the matter was terminated, because defendant did not pay the required fees.
Pursuant to a court notice dated February 19, 2025, the parties were advised that the matter was scheduled for an in-person status conference on April 14, 2025 and that appearances were mandatory. Counsel for defendant failed to appear. The Court directed plaintiff to proceed with a motion to lift the stay and restore the matter to the active calendar.
Instant Motion
Plaintiff now moves for an order lifting the stay in the action, restoring the case to the active calendar and directing defendant to answer the complaint. Plaintiff is also seeking costs incurred by plaintiff for both private mediation and the non-binding AAA arbitration.
Given the record, plaintiff argues that the stay should be lifted and that he should be able to proceed with litigation. Plaintiff is also seeking for the Court to impose sanctions against defendant for unconscionably delaying this matter. As noted, defendant moved to compel arbitration, then ultimately failed to pay the fee and the AAA terminated the arbitration. Defendant also agreed to proceed with mediation then withdrew. Finally, defendant failed to appear at compliance conferences and to date, has not provided plaintiff with the requested insurance information. Plaintiff is seeking to be reimbursed the $1,545.00 fee paid to NAM and the $250.00 paid to AAA.
In opposition, defendant states that its action were not willful or contumacious. For example, defendant did not appear at the compliance conference on April 14, 2025 as it believed the matter was stayed and it did not need to appear. Defendant also argues that it did not provide the insurance information as the matter was stayed for discovery. Defendant claims that plaintiff delayed in providing medical records to defendant. Further, defendant claims that, although it adjourned the mediation with NAM twice, it did not refuse to proceed. Lastly, defendant alleges that, after plaintiff filed this motion, defendant emailed plaintiff a proposed stipulation to resolve the issues. However, plaintiff did not respond.

DISCUSSION

Lifting the Stay
On a motion to compel or to stay arbitration, the court may address, as relevant here, "(1) whether the parties made a valid agreement to arbitrate; [and] (2) if so, whether the agreement has been complied with...." Matter of Town of Orangetown v Rockland County Policemen's Benevolent Assn., 105 AD3d 861, 861 (2d Dept 2013); see also CPLR 7503 (a) and (b). This Court granted defendant's motion pursuant to CPLR 7503 compelling arbitration. The action was hereby stayed and the parties were directed to proceed to arbitration with the AAA. Although the arbitration was scheduled, AAA canceled it due to defendant's lack of payment. Accordingly, defendant waived its right to arbitration. Moreover, the AAA Rules indicate the following: "Should the AAA decline to administer a non-binding arbitration, either party may choose to submit its dispute to the appropriate court for resolution."
Accordingly, the Court lifts the stay previously imposed by CPLR 7503 and the matter is restored to the active calendar. See e.g. Polit v Global Foods International Corp., 2016 US Dist Lexis *4-5 (SD NY 2016) (internal quotation marks and citations omitted) ("Arbitration has now been had in accordance with the agreement. The agreement requires that claims be settled by arbitration in accordance with the rules of the [AAA]. And the AAA, pursuant to its rules, has terminated the arbitration [due to defendant's failure to pay its share of the fees], removing the [requirement for the stay]. In any event, reinstatement is appropriate, since Global Foods [*3]was in default in the arbitration proceeding").
Sanctions
Pursuant to 22 NYCRR § 130.1.1 (a), in pertinent part, the court, in its discretion, may award costs and reasonable attorneys' fees resulting from frivolous conduct. As relevant here, conduct is frivolous if "it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another." Finely v Finley, 233 AD3d 654, 655 (2d Dept 2024); quoting 22 NYCRR § 130-1.1 (c) (2). "The party seeking sanctions has the burden to demonstrate that its opponent's conduct was frivolous within the meaning of 22 NYCRR 130-1.1(c)." U.S. Bank N.A. v Tait, 234 AD3d 889, 892 (2d Dept 2025) (internal quotation marks omitted).
Here, the Court finds that plaintiff met his burden to demonstrate that defendant engaged in frivolous conduct undertaken primarily to delay or prolong the resolution of the litigation. As mentioned above, almost four years ago plaintiff sought to have his claims litigated in this Court and the defendant moved to have the claims mediated/arbitrated. The mediation/non-binding arbitration provision in the Rockin Jump waiver directed the parties to attempt mediation prior to non-binding arbitration. The parties agreed to private mediation through NAM and plaintiff paid his share of the fee. Defendant did not pay the fee, adjourned the matter twice and then advised plaintiff that it would not be proceeding with mediation. Plaintiff then paid the fee to engage in non-binding arbitration with the AAA. Defendant was advised several times to pay its share of the fees, yet failed to do so and the arbitration was terminated on February 18, 2025. In opposition to this motion, defendant did not provide any reason for failing to pay the fee. Accordingly, the Court grants plaintiff's request to award costs as a sanction, and defendant must pay plaintiff $1,795.00, which are the fees paid by plaintiff to NAM and the AAA.
In addition, defendant's "conduct in resisting disclosure is shown to be willful, contumacious, or in bad faith." Alto v Gilman Mgmt. Corp., 7 AD3d 650, 650 (2d Dept 2004) (internal quotations omitted). Defendant's assertions that it did not realize it had to provide discovery or appear for the conferences are belied by the record. After the Court issued its decision and order, the Court Attorney Referee memorialized that defendant agreed to exchange Insurance Coverage information with plaintiff on or before November 28, 2023. Defendant has yet to turn over this information. In its discretion, the Court is not sanctioning defendant for this failure to provide discovery. However, plaintiff may move for sanctions if defendant fails to provide the insurance coverage information within thirty days of this decision and order being entered.
Failure to Appear at Compliance Conferences
Pursuant to 22 NYCRR § 130-2.1 (a) "[n]otwithstanding and in addition to the provisions of Subpart 130-1 of this Part, the court, in its discretion, may impose financial sanctions or, in addition to or in lieu of imposing sanctions, may award costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, upon any attorney who, without good cause, fails to appear at a time and place scheduled for an action or proceeding to be heard before a designated court."
The record indicates that counsel did not appear for the compliance conference held on February 15, 2024. In opposition to this motion, defendant did not provide any reason for failing to appear on this date. This Court advised the parties to appear for an in person status conference on April 14, 2025. Defense counsel did not appear, claiming that they believed the matter to be stayed pending arbitration. However, it is undisputed that the AAA terminated the [*4]matter for nonpayment approximately three months prior. Moreover, the court notice advised the parties that the appearances were mandatory. Thus, the "vague and unsubstantiated allegations of the plaintiff's counsel regarding law office failure did not amount to a reasonable excuse." Murray v New York City Health & Hosps. Corp., 52 AD3d 792, 793 (2d Dept 2008).
Plaintiff has not requested to be reimbursed for attorney's fees and costs incurred in appearing at the compliance conferences held on February 15, 2024 and April 15, 2024. However, 22 NYCRR § 130-2.1(d) permits the court to impose sanctions and award costs, "upon the court's own initiative, after a reasonable opportunity to be heard." Under the circumstances, this is warranted, and a hearing will be scheduled for the limited purpose of providing the defendant's attorney with an opportunity to be heard regarding the imposition of sanctions/costs as a consequence of their failure to appear.
All other arguments raised on this motion have been considered by this Court notwithstanding the specific absence of reference thereto.

CONCLUSION

Accordingly, it is hereby
ORDERED that the plaintiff's motion is granted in its entirety; and it is further
ORDERED that the stay is hereby lifted and the matter shall be restored to the active calendar; and it is further
ORDERED that the defendant shall serve its answer within 10 days of service of this order with notice of entry; and it is further
ORDERED that plaintiff is awarded costs in the amount of $1,795.00, which represents fees paid to NAM and AAA, and the plaintiff shall submit a judgment to the Westchester County Clerk in its favor and against defense counsel, in the principal amount of $1,795.00 with interest from February 18, 2025; and it is further
ORDERED that the attorneys are directed to appear before this court on August 18, 2025 at 10:30 a.m. in Courtroom 102, for the limited purpose of providing the defendant's attorney with an opportunity to be heard regarding the imposition of sanctions/costs as a consequence of their failure to appear at the scheduled conferences without good cause.
The Court will subsequently provide the parties with instructions on filing the preliminary conference stipulation.
Dated: July 17, 2025
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.