■ STANFILL PLUMBING AND HEATING CORP., Appellant, v DRAVO CONSTRUCTORS, INC., et al., Respondents. [627 NYS2d 689] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 29, 1994, which denied plaintiff's motion seeking to vacate an August 3, 1994 order of the same court and Justice dismissing the plaintiff's complaint and which granted the cross-motion by defendants seeking to confirm, in part, the Report of the Special Referee, dated August 22, 1994, unanimously affirmed, with costs.

The IAS Court did not improvidently exercise its discretion in dismissing the underlying action for the failure of plaintiff to comply with prior court-ordered discovery, based upon findings made by the Special Referee that plaintiff, by its failure to provide adequate, appropriate and responsive answers to interrogatories and to provide requested information, had disobeyed a court order compelling answers to such interrogatories.

The extreme sanction of dismissal was a proper exercise of discretion under the circumstances of this case, where the record reveals that the IAS Court gave plaintiff's counsel ample opportunity to comply with defendants' legitimate discovery demands and that plaintiff, nevertheless, repeatedly failed to comply with prior court orders directing responses to interrogatories (*Zletz v Wetanson*, 67 NY2d 711, 713; *Berman v Szpilzinger*, 180 AD2d 612).

The IAS Court properly confirmed only that portion of the Report of the Special Referee that found that plaintiff had failed to comply with the prior discovery order since the Referee's recommendation of a monetary sanction, rather than dismissal, was beyond the scope of the reference, which was specifically limited to issues of the timeliness of the answers to the interrogatories and whether the answers complied with the discovery order (*see, Moskowitz v Wolchok*, 126 AD2d 463). Concur—Sullivan, J. P., Ellerin, Asch, Nardelli and Williams, JJ.