■ JUAN VEGA, Respondent, v 265 WEST 37 STREET CORP. et al., Appellants, et al., Defendants. [636 NYS2d 296] —Orders, Supreme Court, New York County (Bertram Katz, J.), entered April 20, 1995, and on or about July 5, 1995, which granted plaintiff's motion to strike the answer of defendants-appellants for failure to comply with a prior order granting such motion unless defendants-appellants provided certain disclosure and denied defendants-appellants' motion to vacate the order striking their answer, respectively, unanimously affirmed, with one bill of costs.

The IAS Court properly exercised its discretion by enforcing the conditional order striking appellants' answer based on their non-compliance with the disclosure directives of that order. The explanations proffered by appellants for their non-compliance, including an admission that they refused to appear for depositions since they considered such to be pointless, are utterly insufficient to excuse their behavior. The imposition of the drastic remedy of striking appellants' answer was proper (see, CPLR 3126 [3]), as the record is replete with examples of their willful and contumacious behavior. Despite ample opportunity and specific direction to comply with plaintiff's discovery demands, as well as explicit warning of the consequences of non-compliance, appellants continued to defy court orders without justification (Stanfill Plumbing & Heating Corp. v Dravo Constrs., 216 AD2d 101). We have considered appellants' other contentions and find them to be without merit. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.

(January 11, 1996)

■ PEOPLE v RAMON INESTE, Also Known as RAMON INESTA. [636 NYS2d 1006] —Appeal abated. (See, People v Matteson, 75 NY2d 745; People v Mintz, 20 NY2d 753, mod 20 NY2d 770.) Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Williams, JJ.