■ Virginia Chiambalero, Appellant, v Waldbaum's Supermarket, Inc., et al., Respondents. [672 NYS2d 318] —Order and judgment (one paper), Supreme Court, Bronx County (Barry Salman, J.), entered January 21, 1997, granting the motion of defendants Waldbaum's and Best for summary judgment dismissing the complaint and denying plaintiff's cross-motion to dismiss Best's answer for discovery non-compliance, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion denied, the cross motion granted, the complaint reinstated and defendant Best's answer stricken.

Under the circumstances herein, summary judgment should have been denied to both defendants and defendant Best's answer should have been stricken. Defendants' moving papers were insufficient to establish their entitlement to such relief and Best's dubious assertions as to the unavailability of material items of discovery prevented plaintiff from defending against their motion.

On summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient admissible evidence to eliminate any material issue of fact (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853); failure to do so requires the denial of such motion regardless of the sufficiency of the opposing papers (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Where the opposing affidavits assert that facts necessary to oppose the motion may exist but are unavailable to the opposing party, the court may make such order as may be just (CPLR 3212 [f]). Where the facts upon which the motion is based are exclusively within the knowledge and control of the moving party, summary judgment should not be granted (*see, Carlos v Rochester Gen. Hosp.*, 163 AD2d 894).

Neither defendant established its entitlement to summary judgment, since triable issues of fact remain as to each of them. Defendant Best's moving papers, at times contradictory and self-serving, raised issues of fact as to the nature, existence and relevant terms of the security-services agreement between the defendants and whether it created an obligation to third parties such as plaintiff. The moving papers of defendant Waldbaum's did not resolve the issue of whether they had notice of prior criminal incidents occurring in their parking lot, since it is clear that recordkeeping in that regard was extremely unreliable. Under the circumstances, the sufficiency of plaintiff's opposing papers was immaterial.

As for the motion to strike Best's answer, the record is troubling with regard to plaintiff's inability to obtain from defendants, especially Best, discovery of seemingly routine business documents material to this case and arguably within their exclusive knowledge and control. It took over two years, and three court orders, before it was finally disclosed, after assertions and insinuations to the contrary, that the security-services contract between Waldbaum's and Best, the incident report regarding plaintiff's robbery and the records identifying the security guard or guards on duty in the parking lot on the date of the robbery, were unavailable. We differ with the motion court and find Best's conduct to be willful and contumacious, warranting sanction pursuant to CPLR 3126 (*see, Ritter Found. v Tebele*, 222 AD2d 355; *Stanfill Plumbing & Heating Corp. v Dravo Constructors*, 216 AD2d 101; *Beatty v First Atl. Hous. Corp.*, 209 AD2d 658; *Wolfson v Nassau County Med. Ctr.*, 141 AD2d 815). Concur—Milonas, J. P., Ellerin, Williams and Tom, JJ.