■ LAURENCE E. JACOBSON, Respondent, v 142 E. 16 COOPERATIVE OWNERS, INC., et al., Appellants. [743 NYS2d 500] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about December 19, 2001, which, to the extent appealed from, denied in part defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff, in his first cause of action, alleges, in part, that defendants, through their agents or employees or both, failed to repair the water leaks in his apartment, and that defendants hired an incompetent contractor to do roof, exterior and terrace repairs and did not inspect and/or supervise the contractor's work. These allegations state a cognizable claim for relief even if an independent contractor performed the allegedly defective work. Pursuant to Multiple Dwelling Law § 78 (1) defendant landlord and managing agent were under a nondelegable duty to maintain the premises at issue, "including its roof or roofs, and every part thereof and the lot upon which it is situated * * * in good repair," and are thus "vicariously liable for any negligence on the part of the independent contractor" in effecting repairs (*Dowling v 257 Assoc.*, 235 AD2d 293, 293). Defendants, in moving for summary judgment dismissing the complaint, have not met their burden to demonstrate a prima facie case of entitlement to judgment as a matter of law (*see,*

*Vitiello v Mayrich Constr. Corp.*, 255 AD2d 182, 183-184; *Chiambalero v Waldbaum's Supermarket*, 250 AD2d 360). The scant appellate record does not permit adjudication of whether defendants were careless in hiring the independent contractor or in inspecting or supervising its work, or of whether any such negligence resulted in financial harm to plaintiff. We also note plaintiff has not yet had discovery of defendants. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Marlow, JJ.