JOSEPH KORFF, Appellant, v RICHARD A. CORBETT et al., Respondents. [794 NYS2d 374]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 12, 2004, which dismissed plaintiff's complaint for failure to state a cause of action, unanimously reversed, on the law, without costs, defendants' motion pursuant to CPLR 3211 denied, the complaint reinstated and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered March 31, 2004, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendants Richard A. Corbett and the Concorde Companies (formerly known as International Plaza, a Florida partnership)

acquired rights to a 35-year leasehold on approximately 135 acres of land adjacent to Tampa International Airport in Florida. In developing this property, defendants engaged plaintiff, an attorney, to provide various business, consulting and legal services. The complaint alleges that during the course of such engagement, defendants repeatedly agreed and assured plaintiff that, given his extraordinary services on their behalf, he would be paid hourly fees and additional compensation based upon the eventual result of any development, transaction or significant financing with respect to the property. In reliance upon such promises, it is alleged, plaintiff worked actively and diligently on behalf of defendants to facilitate the financing and development of the property. The complaint further alleges that during the course of his engagement plaintiff and certain of the defendants entered into a written agreement memorializing the parties' agreement with respect to defendants' payment of outstanding hourly legal fees to the law firms with which plaintiff was affiliated and, with the knowledge of those firms, additional compensation to plaintiff individually for his specified services.

The parties' undated agreement, in the form of a letter from plaintiff to defendant, provided as follows:

"Dear Dick,

"At least one of us had in mind a 50-50 partnership several years ago. To avoid unproductive controversy:

"A. All my firm's legal bills and interest thereon from time to time outstanding will be cleared up out of the first available financing sources. You will pay $25,000 per month against such bills until that time.

"B. The equivalent of $500,000 plus interest at 15% per annum from September 5, 1985 will be paid to me from the first decent term financing source (for example: sale, lease, joint venture, or more than 3 years overall financing).

"C. You will pay upon receipt by International Plaza,its partners or affiliates, 5% of gross receipts (excluding gross receipts from the current golf course operation) until $26,250,000 is paid when the percentage will be 10%. You will determine increases above that percentage amount in your sole discretion."

The document is signed by plaintiff and "Agreed to and accepted by" Richard A. Corbett "on behalf of himself and all entities in which he has an interest" and by "International Plaza a Florida General Partnership By: Richard A. Corbett."

The IAS court, in granting defendants' motion to dismiss for

failure to state a cause of action, found that the letter contains nothing to show it was intended to provide plaintiff with additional compensation in connection with the development of the property, to which no reference is made; that the identities of the parties to the agreement are unclear; that, at least, the letter must be construed to pertain only to plaintiff, defendant Corbett and the Concorde Companies; that the start date and duration of the alleged agreement are not clearly defined and there is nothing to indicate when, if ever, the agreement was to terminate; that the essential terms of the agreement cannot be discerned from the submissions; and that the provisions for payment from "the first decent term financing source" and of a percentage of International Plaza's "gross receipts" are simply too indefinite to be enforced as an agreement between the parties. We disagree.

"The doctrine of definiteness or certainty is well established in contract law. In short, it means that a court cannot enforce a contract unless it is able to determine what in fact the parties have agreed to" (*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]). That said, "[i]mperfect expression does not necessarily indicate that the parties to an agreement did not intend to form a binding contract. A strict application of the definiteness doctrine could actually defeat the underlying expectations of the contracting parties" (*id.*). "The conclusion that a party's promise should be ignored as meaningless 'is at best a last resort' " (*Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 483 [1989], *cert denied* 498 US 816 [1990], quoting Judge Cardozo in *Cohen & Sons, Inc. v Lurie Woolen Co.*, 232 NY 112, 114 [1921]).

Considering the alleged agreement in light of those principles, we find that plaintiff has sufficiently pleaded a cause of action for breach of contract. While the parties' agreement is somewhat imprecise, it is clear from its face that they intended to contract. The introductory sentence suggests that a meeting of the minds was perhaps not previously achieved, but the language "[t]o avoid unproductive controversy" suggests that the parties were now settling their differences and putting their agreement in writing. The first paragraph, which is not at issue in this action, refers to plaintiff's firm's outstanding legal bills and supports a finding that there was consideration for the agreement. The next paragraph provides that plaintiff, as opposed to his firm, was to be paid "$500,000 plus interest at 15% per annum from September 5, 1985." The amount delineated is specific and was clearly agreed to by the parties, and the language used suggests that this amount had already been

earned by plaintiff. Moreover, plaintiff agreed that payment would not be due pending the "first decent term financing source," a concession that is further evidence of consideration. Moreover, even though every party to the agreement is not readily discernible, it is signed by defendant "on behalf of himself and all entities in which he has an interest." Although such language may be indefinite as to the parties not named, defendant's second signature in his partnership capacity would still bind International Plaza, assuming he had authority to act on behalf of that entity.

To the extent that any of the agreement's terms may be ambiguous, indefinite or uncertain, it is well settled that extrinsic or parol evidence is admissible to determine their meaning. "[W]here words used in a written contract are susceptible of more than one interpretation, the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties and the subject matter of the instrument and parol evidence may be admissible to clear up any ambiguity in the language employed. Such oral evidence does not vary the terms of the written instrument" (*Smith v Smith,* 277 App Div 694, 695 [1951]). Parol evidence, where necessary, may be used to identify the subject matter of a contract, the parties thereto and the capacity or relationship in which it was executed, and to explain the meaning of particular terms used.

Plaintiff has also adequately pleaded a claim for unjust enrichment. This Court has held that a "cause of action for unjust enrichment is stated where 'plaintiffs have properly asserted that a benefit was bestowed . . . by plaintiffs and that defendants will obtain such benefit without adequately compensating plaintiffs' " (*Wiener v Lazard Freres & Co.,* 241 AD2d 114, 119 [1998], quoting *Tarrytown House Condominiums v Hainje,* 161 AD2d 310, 313 [1990]). Moreover, "[w]here defendants have reaped such benefit, equity and good conscience require that they make restitution" (*Wiener,* 241 AD2d at 119). Here, plaintiff has alleged that he provided business and consulting services to defendants relating to the property at issue. Since plaintiff need only allege the necessary elements of the claim, and not provide evidentiary support at this point, this cause of action should not have been dismissed at the pleading stage. Concur—Tom, J.P., Andrias, Saxe, Williams and Sweeny, JJ.