■ MEGHAN BEARD, INC., Doing Business as DOCORUM MODEL MANAGEMENT, Appellant, v AINA FADINA et al., Respondents. [919 NYS2d 156]—

Supreme Court properly determined that the management agreement between plaintiff and defendant Fadina was unenforceable because the temporal restriction of the noncompete covenant was unreasonable (*see Crown IT Servs., Inc. v Koval-Olsen*, 11 AD3d 263, 264 [1st Dept 2004]). However, the motion court erred in holding that the management agreement was unenforceable because of an oral covenant. While it is true that "anticompetitive covenants covering the postemployment period will not be implied" and must be express, the covenant can be written or verbal (*see American Broadcasting Cos. v Wolf*, 52 NY2d 394, 406 [1981]). Moreover, the motion court only analyzed the third cause of action as one for breach of the management agreement when in fact, the breach of contract claim was actually premised upon the booking agreements. We find that the third cause of action is viable only to the extent that it is premised upon the booking agreement, between plaintiff and Fadina, for Fadina to appear for the Oscar De La Renta booking in June 2009. Whether plaintiff can demonstrate Fadina breached that booking agreement is a factual determination that can not be made on a CPLR 3211 motion.

The motion court properly dismissed the fourth cause of action to the extent that it was premised upon defendant Muse's tortious interference with plaintiff's booking agreement with Akris. Plaintiff's own allegations negate at least two essential elements of the cause of action—breach and damages—because plaintiff conceded that Fadina appeared for the booking and that Akris paid plaintiff for that appearance.

Plaintiff, however, has alleged facts sufficient to state a claim for defendant Muse's tortious interference with plaintiff's booking agreement with Oscar De La Renta. The motion court erred insofar as it premised the dismissal upon plaintiff's failure to allege that Muse induced the alleged breach by "unlawful or improper" means. That criteria is only applicable in a cause of action for tortious interference with prospective advantage or business relations (*Carvel Corp. v Noonan*, 3 NY3d 182, 190-194 [2004]). Here, plaintiff's claim is tortious interference with contract, which only requires plaintiff to allege "(1) the existence of a valid contract . . . ; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach of that contract[;] and (4) damages" (*Israel v Wood Dolson Co.*, 1 NY2d 116, 120 [1956]). Plaintiff has sufficiently pleaded that Muse interfered with plaintiff's booking agreement with Oscar De La Renta.

Supreme Court properly dismissed the fifth cause of action, for unfair competition. Plaintiff alleged that Muse contacted

Akris and Oscar De La Renta to insist that Muse handle the billing instead of plaintiff. There is simply no evidence of record that Muse was taking or using the goodwill attached to plaintiff's name or that Muse was palming itself off as plaintiff (*see ITC Ltd. v Punchgini, Inc.*, 9 NY3d 467, 476-478 [2007]).

The motion court also properly dismissed the sixth cause of action, for unjust enrichment. Plaintiff is attempting to recover on a quasi-contractual basis because it cannot prevail on the breach of the management agreement. Plaintiff was compensated by the commissions it received during its concededly "freelance" and "at will" relationship with Fadina, and equity need not intercede. Concur—Gonzalez, P.J., Friedman, Catterson, Renwick and Abdus-Salaam, JJ.