■ ANDREA V. LIBERMAN et al., Appellants, v CAYRE SYNERGY 73RD LLC, Respondents. CAYRE SYNERGY 73RD LLC, Third-Party Plaintiff, v MG NEW YORK ARCHITECT PLLC et al., Third-Party Defendants, and HHF DESIGN CONSULTING, LTD., et al., Third-Party Defendants-Respondents. [970 NYS2d 6]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 8, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on the issue of liability, and granted defendants' cross motion for summary judgment dismissing all but the negligence and breach of contract causes of action as against defendants Cayre Synergy 73rd LLC (the sponsor) and Steven Cayre (Steven), unanimously modified, on the law, to grant plaintiffs' motion as against the sponsor on the breach of contract claim and as against the sponsor and Steven on the negligence claim, and to deny defendants' cross motion as to the nuisance and gross negligence claims as against the sponsor, and otherwise affirmed, without costs.

The fraud claim (the first cause of action) is duplicative of the breach of contract claim (the seventh cause of action) (*see e.g. Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 118 [1st Dept 1998]).

Plaintiffs are entitled to summary judgment as to liability on the negligence claim as against the sponsor and Steven. The sponsor owed a nondelegable duty to plaintiffs to keep the condominium, including its roof, in good repair (*see* Multiple Dwelling Law § 78 [1]; *Jacobson v 142 E. 16 Coop. Owners*, 295 AD2d 211 [1st Dept 2002]). The sponsor breached that duty: Its

principal, defendant Jack Cayre (Jack), admitted that the original roof that the sponsor had caused to be installed did not render the condominium watertight and that there were instances of water infiltration into plaintiffs' unit that needed to be addressed by the sponsor. Plaintiffs presented evidence (an affidavit by architect Howard L. Zimmerman) that the leaks in their unit were a direct result of inadequate installation and workmanship on the part of the sponsor. Contrary to defendants' contention, there is no triable issue of fact whether the leaks were caused by third-party defendant Alcon Builders Group Inc., since the work that Alcon was doing in plaintiffs' unit in December 2007 was in the master bedroom, and the leak occurred in the living room. It is undisputed that Steven owned the unit above plaintiffs' unit, that he was having plumbing work done in his unit on June 19, 2008, that water infiltrated plaintiffs' unit on that date, and that the water infiltration stopped once the plumbing work stopped. Jack admitted that a pipe that served Steven's unit leaked into plaintiffs' unit.

There is no basis for holding the other defendants liable for negligence. Plaintiffs have not established that the sponsor's corporate veil should be pierced to reach its members and managers (defendants Cayre 73rd LLC and Synergy 73rd Street Development LLC), that Cayre 73rd LLC's and Synergy's corporate veils should be pierced to reach their owners and managers (defendants David Mallenbaum, Joe Cayre, Jack, and Steven in his capacity as part owner of Cayre 73rd LLC), or that the condominium's selling agent (defendant CORE Group Marketing LLC), its employee (defendant Thomas Postillo) or the remaining defendant (Michael Haddad) had any responsibility for the water leaks.

The third cause of action (nuisance) should not be dismissed as against the sponsor. Plaintiffs are correct that nuisance can be negligent; it does not have to be intentional (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 569, 571-572 [1977]). In any event, they raised a triable issue of fact whether the sponsor's allowing water to continue infiltrating their unit was intentional (*see Berenger v 261 W. LLC*, 93 AD3d 175, 183-184 [1st Dept 2012]). However, as noted, plaintiffs have not shown that the sponsor's corporate veil should be pierced, and none of the other defendants, except Steven in his capacity as plaintiffs' upstairs neighbor, had any responsibility for water leaks. And the leak from Steven's unit was a one-time occurrence, rather than "a continuous invasion of rights—a pattern of continuity or recurrence of objectionable conduct" (*Domen Holding Co. v Aranovich*, 1 NY3d 117, 124 [2003] [internal quotation marks omitted]).

The motion court and the parties consider the fourth cause of action a gross negligence claim. So considered, it should not be dismissed as against the sponsor. A jury could reasonably find that the sponsor was grossly negligent because a normally prudent person does not wait three years to replace his or her leaky roof (*see Dalton v Hamilton Hotel Operating Co.*, 242 NY 481, 487 [1926]).

Plaintiffs have not demonstrated that a cause of action for "tortious interference with possessory interest in property" (the fifth cause of action) exists.

Nor is there a cause of action for failure to repair (the sixth cause of action). In *Jacobson v 142 E. 16 Coop. Owners* (295 AD2d at 211), this Court upheld a cause of action supported by the plaintiff's allegation, inter alia, that the defendants "failed to repair the water leaks in his apartment." However, contrary to plaintiffs' contention, the actual cause of action sounded in negligence (*see* 1997 WL 34628121 [Sup Ct, NY County, Nov. 20, 1997, No. 110246/97]).

Defendants raise no argument as to plaintiffs' contract claim (the seventh cause of action). The facts described above in connection with the negligence claim show that the sponsor breached its contract with plaintiffs, which incorporated the representations and warranties made in the offering plan for the subject condominium. However, the sponsor is the only defendant that was a party to the contract.

The breach of the implied covenant of good faith and fair dealing claim (the eighth cause of action) is duplicative of the contract claim (*see e.g. Logan Advisors, LLC v Patriarch Partners, LLC*, 63 AD3d 440, 443 [1st Dept 2009]). In *Frydman & Co. v Credit Suisse First Boston Corp.* (272 AD2d 236, 236, 238 [1st Dept 2000]), on which plaintiffs rely, this Court sustained a cause of action for breach of contract and a cause of action for breach of the implied covenant related to a different contract.

The mental anguish claim (the ninth cause of action) may not be maintained as a separate cause of action (*see e.g. Stanley v Smith*, 183 AD2d 675 [1st Dept 1992]). However, plaintiffs may be able to recover for "discomfort and inconvenience caused by the disturbance of the property" under their nuisance claim (*see Dixon v New York Trap Rock Corp.*, 293 NY 509, 514 [1944]).

The motion court correctly dismissed all claims for damages that have been paid to plaintiffs by their insurer (*see* CPLR 4545 [a]; *Fisher v Qualico Contr. Corp.*, 98 NY2d 534, 539 [2002]). Of course, plaintiffs may still try to recover damages to their unit that have not been reimbursed.

The court also correctly dismissed all claims that duplicate claims brought by the condominium's board, which were settled. Of course, not all of the claims in the instant case duplicate the ones in the board's case.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe, Freedman and Clark, JJ.