Order, Supreme Court, New York County (Carol Edmead, J.), entered March 9, 2012, which, to the extent appealed from as limited by the briefs, granted defendant Intell 65 East 96, LLC’s (Intell) motion for summary judgment, and denied defendant The Gatsby Condominium’s (Gatsby) motion for summary judgment with respect to plaintiffs’ negligence and breach of contract claims, unanimously modified, on the law, to the extent of denying Intell’s motion for summary judgment dismissing plaintiffs’ negligence claim, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 29, 2012, which granted Gatsby’s motion to reargue, and upon *497 granting reargument, adhered to its original decision denying Gatsby’s motion for summary judgment dismissing plaintiffs’ negligence and breach of contract claims, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 12, 2012, which denied Gatsby’s motion for leave to amend its answer to add three counterclaims, unanimously affirmed, without costs.
Intell did not establish its entitlement to judgment as a matter of law on plaintiffs’ negligence claim. Contrary to Intell’s claim, as the owner of the apartment building, it had a duty to exercise reasonable care in maintaining the property, including the wiring, in a reasonably safe condition under the circumstances prior to the condominium conversion (see Kush v City of Buffalo, 59 NY2d 26, 29-30 [1983]). Thereafter, as the sponsor of the condominium conversion, Intell owed a nondelegable duty to plaintiffs to keep the condominium in good repair (see Liberman v Cayre Synergy 73rd LLC, 108 AD3d 426 [1st Dept 2013]). Further, there are issues of fact as to whether Intell had actual or constructive notice of the defective electrical wiring that allegedly caused the fire. Intell has not established as a matter of law that the origin of the fire was not within the “common elements” of the condominium.
For similar reasons, the court properly denied Gatsby’s motion for summary judgment. Gatsby had a duty to repair and maintain the “common elements” of the condominium building, and, as noted above, issues of fact exist as to whether the condition that caused the fire was found within the “common elements” or an area considered part of plaintiffs’ unit. In addition, issues of fact exist as to whether Gatsby had actual or constructive notice of the allegedly defective electrical wiring.
The court did not abuse its discretion in denying Gatsby’s motion for leave to amend its answer to assert counterclaims arising out of plaintiffs’ breach of a by-law provision requiring them to obtain property insurance since Gatsby failed to establish that the proposed amended pleading was meritorious (see Sullivan v Harnisch, 100 AD3d 513, 514 [1st Dept 2012]). Although there is no dispute that plaintiffs failed to obtain the required insurance, Gatsby has failed to allege any damages proximately caused by plaintiffs’ breach. The subject by-law provision cannot be construed as a contract absolving Gatsby from its own negligence or limiting its liability for such negligence to a nominal sum, as it neither required plaintiffs to look solely to their insurer in the event of a loss nor included an express waiver of any and all claims for such loss against Gatsby (cf. Abacus Fed. Sav. Bank v ADT Sec. Servs., Inc., 18 NY3d *498 675, 681-683 [2012]). Concur — Tom, J.E, Mazzarelli, Freedman, Richter and Feinman, JJ.