MICHAEL LEIBMAN & ASSOCIATES, INC., Also Known as LEIBMAN & ASSOCIATES, INC., Respondent, v ULTIMATE COMBUSTION CO., INC., Trading as UCC Technology, et al., Appellants. [44 NYS3d 12]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about January 29, 2015, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Defendants failed to demonstrate conclusively that the June 6, 2009 agreement pursuant to which defendant Ultimate Combustion Co., Inc. retained plaintiff as a broker to procure a purchaser for the corporation's assets is illegal, void or unenforceable. They argue that plaintiff performed broker services in Florida without a license to do so, in contravention of Florida Statutes § 475.41. Defendants are correct that the statute applies to business brokers, as well as real estate brokers, operating within Florida (*see Meteor Motors, Inc. v Thompson Halbach & Assoc.*, 914 So 2d 479 [Fla Dist Ct App 2005]; *see also Hendricks v Department of Bus. & Professional Regulation*, 183 So 3d 1172, 1174 [Fla Dist Ct App 2016]). However, issues of fact exist as to whether plaintiff performed any broker services in the State of Florida.

Defendants argue that the broker agreement is unenforceable because it fails to define its duration, an essential term. However, if the duration can be "fairly and reasonably fixed" by the intent of the parties and the surrounding circumstances, the court may supply it (*Haines v City of New York*, 41 NY2d 769, 772 [1977]), and an issue of fact as to the parties' intention is presented by disputed written evidence of a four-year term. An issue of fact also exists as to defendants' contention that Ultimate Combustion Co., Inc. never entered into the contract, which refers to "UCC Technology"; parol evidence is needed to determine whether the parties intended to bind Ultimate Combustion Co., Inc. (*see Korff v Corbett*, 18 AD3d 248, 251 [1st Dept 2005]).

Defendants failed to establish prima facie that they had no "meaningful choice" about entering into the agreement and that the terms were "unreasonably favorable" to plaintiff (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10-11 [1988] [internal quotation marks omitted]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.