DiPasquale v Boys & Girls Harbor Inc. (2018 NY Slip Op 04947)





DiPasquale v Boys & Girls Harbor Inc.


2018 NY Slip Op 04947


Decided on July 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2018

Sweeny, J.P., Webber, Kern, Oing, JJ.


7031 301957/11

[*1]Joanne DiPasquale, Plaintiff-Respondent,
v
Boys & Girls Harbor Inc. Defendant, East Harlem Arts and Education Local Development Corp., Defendant-Appellant.


Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola (Ondine C. Slone of counsel), for appellant.
Ogen & Sedaghati, P.C., New York (Eitan A. Ogen of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about September 11, 2017, which denied the motion of defendant East Harlem Arts and Education Local Development Corp. (East Harlem) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
East Harlem failed to establish entitlement to judgment as a matter of law in this action where plaintiff was electrocuted when she reset the power strip under the desk in her office, which was located in premises subleased by her employer from East Harlem. Plaintiff testified that, before the incident, she repeatedly had lost power to her computer, and an engineer employed by East Harlem testified that, before the incident, the building had been experiencing problems with its electrical system and that circuit breakers were "blowing out frequently" due to overloads. On the day of the incident, plaintiff called an employee of East Harlem, who sent a maintenance person to assist her, and that person directed her to press the reset button on the power strip while he was checking the fuse box outside her office.
The record demonstrates that East Harlem offered no evidence in support of its contention that the accident was caused solely by the power strip, or to refute plaintiff's contention that the accident was related to the building-wide electrical problems. Under the sublease, East Harlem was responsible for maintaining the building's electric systems, and, as a matter of law, it had a duty to keep the premises "in a reasonably safe condition in view of all the circumstances" (Basso v Miller, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]), including the wiring
(see Onetti v Gatsby Condominium, 111 AD3d 496, 497 [1st Dept 2013]). Furthermore, the evidence shows that East Harlem had notice of recurrent electrical problems in the premises.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 3, 2018
CLERK