Everest Reins. Co. v Galileo Weather Risk Mgt. Advisors, LLC (2018 NY Slip Op 06983)





Everest Reins. Co. v Galileo Weather Risk Mgt. Advisors, LLC


2018 NY Slip Op 06983


Decided on October 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 18, 2018

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Moulton, JJ.


654349/13 7386 7385

[*1]Everest Reinsurance Company, Plaintiff-Appellant,
v
Galileo Weather Risk Management Advisors, LLC, et al., Defendants-Respondents.
Everest Reinsurance Company, Plaintiff-Respondent,
v
Galileo Weather Risk Management Advisors, LLC, et al., Defendants-Appellants.


Saiber LLC, New York (Joseph J. Schiavone of counsel), for appellant/respondent.
Stevens & Lee, New York (Bradley L. Mitchell of counsel), for respondents/appellants.



Order, Supreme Court, New York County (Melissa Crane, J.), entered December 5, 2017, which denied plaintiff's motion for summary judgment on the issue of liability on its breach of contract claim as against defendant Galileo Weather Risk Management Advisors, LLC (Galileo), unanimously affirmed, with costs. Order, same court and Justice, entered December 4, 2017, which denied defendants' motion for summary judgment dismissing the breach of contract and unjust enrichment claims as against Galileo, unanimously modified, on the law, the motion granted to the extent of dismissing the unjust enrichment claim, and otherwise affirmed, without costs.
In 2011, plaintiff and Galileo entered into an arrangement whereby Galileo would locate potential weather-related insurance and/or derivative transactions for plaintiff, which would pay Galileo a fee on such transactions that closed. For purposes of these appeals, the parties agree that in 2012, plaintiff and Galileo reached an agreement memorialized solely in two emails and pursuant to which plaintiff would provide Galileo with $300,000 to hire a particular individual and, in exchange, Galileo's fees on future transactions that it located in Europe would be reduced by $330,000. After Galileo subsequently sold its assets and discontinued doing business, plaintiff commenced this action to recoup the $330,000 called for under the agreement.
Plaintiff argues that Galileo repudiated the agreement by selling its assets and ceasing to do business, which disabled its ability to pay back the agreed amount from future commissions (see Computer Possibilities Unlimited v Mobil Oil Corp., 301 AD2d 70, 77 [1st Dept 2002], lv denied 100 NY2d 504 [2003]). Galileo does not dispute that, to the extent it had an obligation at the time of the asset sale to continue locating deals for plaintiff, it repudiated the agreement. However, it contends that it had no such obligation. Because the agreement here is silent on any duration of time that Galileo was required to locate potential deals for plaintiff, an issue of fact exists as to whether Galileo repudiated the agreement by selling its assets and rendering itself unable to continue to do so (see Michael Leibman & Assoc., Inc. v Ultimate Combustion Co., Inc., 145 AD3d 467, 468 [1st Dept 2016]; see also Savasta v 470 Newport Assoc., 82 NY2d 763, 765 [1993] ["When a contract does not specify time of performance, the law implies a reasonable [*2]time"]).
However, Supreme Court erred in denying defendants' motion insofar as they sought dismissal of the unjust enrichment claim. To the extent that the dispute is not within the scope of the agreement, the agreement does not preclude an unjust enrichment claim (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]). However, no such claim lies here. In the absence of a contractual provision entitling plaintiff to recoup a certain sum, it suffered no loss from providing Galileo with $300,000 to generate business for plaintiff, which resulted in plaintiff earning more than $1 million on a single transaction.
Thus, "equity need not intercede" (Meghan Beard, Inc. v Fadina, 82 AD3d 591, 593 [1st Dept 2011]; see Edelman v Starwood Capital Group, LLC, 70 AD3d 246, 250 [1st Dept 2009], lv denied 14 NY3d 706 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 18, 2018
CLERK