Kanayama v Kesy, LLC (2023 NY Slip Op 04720)

Kanayama v Kesy, LLC

2023 NY Slip Op 04720

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Renwick, P.J., Moulton, Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 152348/14 Appeal No. 616 Case No. 2022-04445 

[*1]Masahide Kanayama et al., Plaintiffs-Respondents,
v
Kesy, LLC, Defendant-Appellant, Provence Wellness Center, LLC., et al., Defendants.

Goetz Schenker Blee & Wiederhorn LLP, New York (Jeffrey Rubinstein of counsel), for appellant.
Leech Tishman Robinson Brog, PLLC, New York (Danny Ezraty of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered September 13, 2022, which, to the extent appealed from as limited by the briefs, denied defendant Kesy, LLC's motion for summary judgment dismissing plaintiffs' nuisance, trespass and negligence causes of action against it, unanimously affirmed, with costs.
Plaintiffs, who own and work in the fifth-floor unit in the Weber House Condominium, commenced this action to recover damages caused by a series of leaks emanating from the sixth-floor unit owned by defendant Kesy and leased to defendant Provence Wellness Center LLC (Provence), which operated a spa there during the years that the leaks occurred. Kesy's principal was also the principal of Provence and a member of the of the condominium's board during the relevant period. Plaintiffs alleged that Kesy and Provence installed wet installations on the sixth floor, including a shower, a washing machine, and several toilet rooms with sinks, over dry areas of the fifth floor in or about 2009. Despite complaints to Kesy's principal, Kesy took no steps to address the recurring leaks. Only after the court granted plaintiffs' application for a temporary restraining order in September 2019, requiring defendants to shut off the water to the sixth floor until all the leaks were permanently cured, did defendants repair the plumbing and stop the water damage.
The court properly rejected Kesy's arguments that it did not have the necessary intent to support claims for nuisance and trespass against it. "Nuisance is characterized by a pattern of continuity or recurrence of objectionable conduct" (Berenger v 261 W. LLC, 93 AD3d 175, 182 [1st Dept 2012]), which is what allegedly occurred here. The intent element of nuisance may be established by a failure to act on a defendant's part (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977]). Indeed, a nuisance cause of action may be founded on negligence (id. at 569; Liberman v Cayre Synergy 73rd LLC, 108 AD3d 426, 427 [1st Dept 2013]).
Here, plaintiffs have brought forth probative evidence that defendants' use of the sixth floor resulted in an invasion of plaintiffs' interest in use and enjoyment of their property. Experts retained by both sides agreed that the leaks emanated from the sixth floor, and the record supports findings that Kesy authorized all the relevant plumbing work performed on the sixth floor, and signed and approved all of the work applications submitted to DOB. Further, Kesy and its principal were repeatedly notified of the continuing leaks from the sixth floor following the wet installations but for years did not take any action to prevent them.
With respect to trespass, a defendant need not physically enter plaintiff's land or airspace, but need only have caused the intrusion thereon by either a third person or an object (see e.g. Buchanan v Cardozo, 16 NY2d 1029, 1031 [1965]; Duane Reade v Reva Holding Corp., 30 AD3d 229, 237 [1st Dept 2006]). Plaintiffs [*2]raised triable issues of fact as to whether defendants' plumbing alterations were the initial cause of the leaks, and whether Kesy's inaction caused leaks to the fifth floor to continue. Similar to plaintiff's nuisance claim, the intent element of trespass is satisfied where defendants' alleged acts are such as will to a substantial certainty result in the entry of foreign matter into the plaintiff's property (Berenger, 93 AD3d at 181-182). Kesy's argument that it cannot be held liable for negligence because, under the Condo's by-laws, it is not responsible for repairs to pipes that are "common elements," as defined in the Condo's declaration, overlooks the fact that the Condo's by-laws provide that the unit owner is responsible for repairs "necessitated by negligence, misuse or neglect of a unit owner," which is the essence of plaintiffs' claims. Kesy failed to submit evidence establishing that it was not negligent in connection with the continuing leaks. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023