LiNQ1, LLC v 170 E. End Condominium (2023 NY Slip Op 05541)

LiNQ1, LLC v 170 E. End Condominium

2023 NY Slip Op 05541

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Oing, J.P., Moulton, González, Shulman, Rosado, JJ. 

Index No. 154594/16 Appeal No. 953 Case No. 2022-04598 

[*1]LiNQ1, LLC, Plaintiff-Appellant,
v
170 East End Condominium Doing Business as 170 East End Avenue by its Board of Managers, Defendant-Respondent, LBT Mechanical Corp., Defendant.

Archer & Greiner, P.C., New York (Dylan R. Newton of counsel), for appellant.
Gartner + Bloom, PC, New York (Kaela A. Mahon of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered October 4, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on liability on its claims for breach of contract, negligence, tortious interference with contract, breach of fiduciary duty, private nuisance, and declaratory relief, unanimously affirmed, without costs.
Plaintiff established prima facie that defendant board of managers breached its obligations under the condominium's bylaws and governing documents by failing to maintain and repair certain common elements of the building — specifically the 90-degree chiller pipe above plaintiff's kitchen ceiling, the ventilation system in plaintiff's unit, and the faÇade of the building — all of which were identified by plaintiff's experts as sources of moisture accumulation and a recurring mold infestation in plaintiff's apartment (see Pomerance v McGrath, 124 AD3d 481, 482 [1st Dept 2015], lv dismissed 25 NY3d 1038 [2015]). In opposition, defendant raised triable issues of fact as to whether problems with plaintiff's HVAC unit caused the moisture and mold condition, whether defendant performed any ventilation rebalancing in plaintiff's unit to facilitate airflow, and whether the lack of proper flashing was the cause of rainwater seeping through the gaps between the windows and the building façade.
For the same reasons, defendant also raised issues of fact as to whether it may be held liable in negligence for breaching its nondelegable duty to maintain the common elements in good repair (see Onetti v Gatsby Condominium, 111 AD3d 496, 497 [1st Dept 2013]; see also Multiple Dwelling Law § 78[1]).
As to the cause of action for tortious interference with contract, plaintiff has not established its entitlement to summary judgment on the claim. Plaintiff has not demonstrated, as a matter of law, that defendant deliberately failed to repair the common elements and remediate the mold condition in order to render the unit inhabitable so as to cause plaintiff's tenants to terminate their leases (see Carvel Corp. v Noonan, 3 NY3d 182, 189-190 [2004]; Meghan Beard, Inc. v Fadina, 82 AD3d 591, 592 [1st Dept 2011]).
Because issues of fact exist as to whether defendant failed to properly perform the repairs in bad faith, plaintiff also has not established its entitlement summary judgment on its claim for breach of fiduciary duty (see Bowery 263 Condominium Inc. v D.N.P. 336 Covenant Ave. LLC, 169 AD3d 541, 542 [1st Dept 2019]).
Issues of fact further preclude granting plaintiff summary judgment on the private nuisance claim. Whether the ongoing mold condition was the result of defendant's negligence or a "pattern of continuity or recurrence of objectionable conduct or of intentional wrongdoing" remains to be determined at trial (Board of Mgrs. of Honto 88 Condominium v Red Apple Child Dev. Ctr., a Chinese Sch., 160 AD3d 580, 582 [1st Dept 2018] [internal quotation marks omitted]).[*2]
Defendant contends that its decisions with respect to the maintenance and repairs of the common elements are shielded from judicial review under the business judgment rule (see generally Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530 [1990]). This argument is unavailing because the rule does not apply to actions that have no legitimate relationship to the welfare of the condominium or taken in bad faith to deliberately single out individuals for harmful treatment (see id. at 538; Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium, 65 AD3d 985, 989 [1st Dept 2009]). Here, material issues of fact exist as to whether defendant's failure to properly repair the common elements and remediate the mold condition was, as plaintiff claims, to render the unit inhabitable, to interfere with plaintiff's leases with its tenants, and to retaliate against plaintiff for bringing this action.
Finally, as to the declaratory relief sought, for the reasons discussed above, any declaration of the parties' respective rights and obligations must first await trial for a determination of whether there is a justiciable controversy (CPLR 3001).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023